THE STATE, EX REL. RACING GUILD OF OHIO, LOCAL 304, SERVICE EMPLOYEES INTERNATL. UNION, AFL-CIO, CLC, *v.* MORGAN, JUDGE, ET AL.

[Cite as State, ex rel. Racing Guild of Ohio, *v.* Morgan (1985), 17 Ohio St. 3d 54.]

(No. 85-106—Decided April 24, 1985.)

Schwarzwald, Robiner, Wolf & Rock Co., L.P.A., Melvin S. Schwarzwald and David M. Fusco, for relator.

Lynn C. Slaby, prosecuting attorney, and Larry G. Poulos, for respondents.

Schwartz, Einhart & Simerka, Eugene B. Schwartz and Gregory P. Szuter, for intervening respondent.

Per Curiam. Three requirements must be satisfied before a writ of prohibition will issue: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy at law. State, ex rel. Greater Cleveland Regional Transit Auth., v. Guzzo (1983), 6 Ohio St. 3d 270, 271. The first requirement is clearly satisfied in this case; the dispute occurs with regard to the latter two requirements.

Relator argues that Summit County does not have jurisdiction in the action filed by Northfield, and that any orders issued by respondents pertaining to the case are unauthorized by law. Respondents argue that the two injunctive actions are *independent* causes that can be adjudicated in separate jurisdictions.

In *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279 [4 O.O.3d 445], this court held at the syllabus:

"As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. (*John Weenink & Sons Co.* v. *Court of Common Pleas,* 150 Ohio St. 349 [38 O.O. 189], approved and followed.)"

In *Phillips,* the relators had originally filed suit in the Court of Common Pleas of Cuyahoga County for rescission of a realty purchase contract. The defendants in that action subsequently filed suit for damages in Parma Municipal Court, based upon the same purchase agreement involved in the Cuyahoga County action. The court of appeals allowed a writ of prohibition to prevent the Parma court from taking jurisdiction, despite the fact that different remedies were sought, and this court affirmed.

In *Weenink & Sons, supra,* relators filed suit in municipal court against the city of Cleveland for money judgments stemming from a rodeo held in Cleveland. The city then filed suit in the court of common pleas against relators and others, seeking declaratory relief with regard to a fund which the city had collected as a result of holding the rodeo. This court affirmed the allowance of a writ of prohibition to prevent jurisdiction in the court of common pleas.

In the case at bar, each party seeks similar relief, *i.e.,* injunctive relief in connection with the picketing. Each of these actions comprises part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked. Thus, the second requirement for the issuance of the writ is satisfied.

Finally, as to the adequacy of any legal remedy available to relator, this court stated in *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326 [59 O.O. 2d 387], at 329:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court."

Since respondents have no jurisdiction over Northfield's claim, the legal remedy of appeal is immaterial to our consideration. This court need not wait for an appeal to be made before it can prevent further proceedings in a lower court lacking jurisdiction. Further, we find no other adequate legal remedy available to relator.

Since all requirements have been satisfied, this court hereby allows the

writ of prohibition to prevent further proceedings in the Summit County action filed by Northfield.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.