OPINION
Defendant-appellant Rose Mary Walker-Brown appeals the May 5, 1999 Judgment Entry entered by the Stark County Court of Common Pleas, overruling her objections to the magistrate's March 23, 1999 Decision. Plaintiff-appellee is Alma Bailey.
 STATEMENT OF THE FACTS AND CASE
On April 14, 1998, appellant filed a complaint in forcible entry and detainer in the Canton Municipal Court, naming Robert Gaines and the occupants of 2145 Second Street, SE, Canton, Ohio (hereinafter "the property"), as defendants. Subsequently, on April 16, 1998, appellee filed a complaint in the Stark County Court of Common Pleas, seeking a declaration of the existence of a land installment contract between appellee; appellant; and Ernest Brown, appellant's former husband, and to quiet title to the property. The Canton Municipal Court transferred appellant's complaint to the Stark County Court of Common Pleas upon appellee's Motion to Remove. The Stark County Court of Common Pleas (hereinafter "the common pleas court") consolidated appellant's forcible entry and detainer action with appellee's declaratory judgment action via Judgment Entry dated October 2, 1998. The matter proceeded to trial before the magistrate on February 22, 1999. Via Magistrate's Decision/Findings of Fact and Conclusions of Law filed March 23, 1999, the magistrate overruled appellant's forcible entry and detainer complaint. Additionally, the magistrate ordered appellant's counsel to prepare a quit claim deed transferring appellant's interest in the property to appellee and the heirs of Booker Stevenson, appellee's father. On April 1, 1999, appellant filed objections to the magistrate's decision. Appellant did not file a transcript of the proceedings with her objections. Via Judgment Entry dated May 5, 1999, the common pleas court summarily overruled appellant's objections. It is from that judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR APPELLEE'S CLAIMS.
 II. THE TRIAL COURT ERRED BY ENFORCING AN ALLEGED AGREEMENT TO CONVEY REAL ESTATE, WITHOUT EVIDENCE THAT THE AGREEMENT WAS WRITTEN, EXECUTED AND FILED BY BOTH OWNERS.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING SPECIFIC PERFORMANCE OF AN AGREEMENT THAT WAS SO TENUOUS, AND LACKED ANY EVIDENCE OF ASSENT BY APPELLANT ROSEMARY WALKER-BROWN.
 STATEMENT OF THE FACTS
Pursuant to Civ.R. 53(E)(3)(b), this Court is bound by the findings of fact as set forth in the magistrate's decision. Prior to trial, the parties stipulated to the following facts:
 (1) appellant and Ernest Brown are owners of the property;
(2) appellee is the daughter of Booker Stevenson;
 (3) on March 14, 1978, Bazen Realty gave appellee and Booker Stevenson a receipt for the payment of $1036.44, of that amount, $1000 was paid by certified check and $36.44 was paid in cash;
 (4) at the time of the aforementioned payment, the mortgage on the property was delinquent and in foreclosure;
 (5) title to the property is now in the sole name of appellant as Ernest Brown quit claimed his interest to her;
 (6) Booker Stevenson is deceased and his estate was not probated; and
 (7) the parties did not execute a written land contract for the sale of the property.
After hearing the evidence, the magistrate made the following findings. Appellant and Ernest Brown were married in 1961. Sometime after their marriage, the couple purchased the property with a VA loan. Both appellant's name and Ernest Brown's name appeared on the deed. Appellant lived at the property for eight or nine years. Upon the dissolution of the couple's marriage in 1976, appellant vacated the premises. Ernest Brown continued to occupy the property. The divorce decree and separation agreement did not include any clause or provision regarding the property. During his occupancy of the property, Ernest Brown became delinquent in the mortgage payments. After observing a foreclosure notice in the newspaper, Willie Bazen, owner of Bazen Realty, spoke with Ernest Brown about finding a buyer for the home who would assume the mortgage, and that the outstanding mortgage would be the purchase price of the home. Bazen found Booker Stevenson and his daughter, appellee. On March 3, 1978, Booker Stevenson gave Bazen a down payment in the amount of $1000. Stevenson also gave Bazen $36.44 in cash. A March 14, 1978 receipt reveals Bazen Realty forwarded a certified check in the amount of $1000, and $36.44 in cash to Kissell, the mortgage company for the property. A notation on the receipt reads, "Total amt to assume loan, pay atty fees judicial title. Kissell Loan 231-294-0 paid through 3/1/78 pmt." Thereafter, Kissell prepared all of the documents for Stevenson to assume the loan. Although testimony was given a purchase agreement was signed, no evidence of a written agreement was produced. Stevenson, appellee, and another individual moved into the property. They have occupied the property since 1978, during which time they have made all the mortgage payments, and have paid the real estate taxes. Additionally, Stevenson, appellee, and the other individual have made improvements to the property, including replacement windows, doors, porch, new roof, glass block windows, electrical work, sidewalks and steps, remodeling the basement, and remodeling the kitchen. Stevenson died in 1994. His estate was not probated. In 1997, the mortgage was paid in full and appellant received notice of the release of the mortgage. Appellant approached Ernest Brown about her moving back into the home. Although she was aware others occupied the property, appellant claimed she thought those individuals were tenants. At that time, the deed to the property remained in the names of appellant and Ernest Brown. Ernest Brown quit claimed his interest in the property to appellant on December 30, 1997. Appellant paid the real estate taxes on the property for 1997, and 1998. Thereafter, appellant initiated the forcible entry and detainer action in April, 1998, and the matter proceeded as set forth supra.
 I
In her first assignment of error, appellant maintains the common pleas court lacked subject matter jurisdiction to hear appellee's claims. Specifically, appellant contends the common pleas court lacked subject matter jurisdiction to consider her original complaint filed in municipal court for forcible entry and detainer; therefore, the common pleas court was barred from proceeding on appellee's claims pursuant to the doctrine of concurrent jurisdiction. In support of her position, appellant relies upon State, ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, in which the Ohio Supreme Court held:
 As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.
Id. at 56 (Citation omitted).
The relator in Racing Guild sought the issuance of a writ of prohibition against respondents, the Summit County Court of Common Pleas and Judge Glen B. Morgan of that court. Id. at 55. As a result of a labor dispute between relator and Northfield Park Associates, relator filed a complaint in the Cuyahoga County Court of Common Pleas on January 8, 1985. The following day, Northfield Park Associates filed a complaint in the Summit County Court of Common Pleas against relator, seeking injunctive relief and a temporary restraining order. Respondent Judge Morgan scheduled a hearing on the temporary restraining order for the same day. Id. Relator moved to dismiss the action in Summit County, arguing the action previously filed in Cuyahoga County precluded jurisdiction in Summit County. Id. Respondent Judge Morgan denied relator's motion and issued a temporary restraining order in favor of Northfield Park Associates. Thereafter, relator sought a writ of prohibition from the Ohio Supreme Court. The Ohio Supreme Court allowed the writ of prohibition, which prevented further proceedings in the Summit County action. The Supreme Court found each party sought similar relief and each of the actions comprised part of a whole issue which was within the jurisdiction of the court whose power was legally first invoked, i.e., the Cuyahoga County Court of Common Pleas. Id. at 56. Unlike the relator in Racing Guild, who raised the issue of jurisdiction via a writ of prohibition prior to the second court, i.e., the Summit County Court of Common Pleas, proceeding to final judgment in the action before it, appellant herein did not object to the common pleas court's exercise of its concurrent jurisdiction. Although the issue of subject matter jurisdiction may be raised at any time, the issue sub judice is not whether the trial court had subject matter jurisdiction over appellant's complaint, but rather which court — the Canton Municipal Court or the Stark County Court of Common Pleas — was authorized to exercise its jurisdiction. We find this issue should have been raised in the common pleas court. Accordingly, we find appellant's failure to timely object waives any error as to the common pleas court's exercise of its jurisdiction over appellant's complaint. Appellant's first assignment of error is overruled.
 II, III
Because our analysis of appellant's second and third assignments of error is identical, we shall address said assignments together. In her second assignment of error, appellant argues the trial court erred in enforcing an alleged agreement to convey real estate when appellee failed to produce any evidence to establish the agreement was written, executed, and filed by both owners, i.e., appellant and Ernest Brown. In her third assignment of error, appellant submits the trial court erred and abused its discretion in ordering specific performance of the agreement. Civ.R. 53(E)(3) provides, in pertinent part:
 (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
* * *
 A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
(Emphasis added).
Appellant's objections to the magistrate's decision read, in toto: 1. The Magistrate's Decision is contrary to law as:
 A. No quiet title action was filed; all parties with an interest in the real estate were not joined as parties, and the Court is therefore without authority to order [appellant] to convey her interest to "the heirs of Booker Stevenson."
 B. Equity does not provide a remedy for specific performance in real estate absent a binding, written agreement to convey the property.
More specifically, appellant argues under her second assignment of error, "The findings of fact are legally insufficient to find an enforceable contact for the transfer of real estate." (Appellant's Brief at 6). Appellant premises her argument upon the fact
 ". . . there is no allegation that Appellant Rose Mary Walker-Brown was ever informed of any alleged contract for the sale of her real estate, let alone that she ever gave consent to such an agreement or a release of her rights."
(Appellant's Brief at 7).
Appellant further notes,
 "There is no legal basis for transactions between Ernest Brown and Alma Bailey [appellee] to affect Rose Mary's [appellant's] interest in the land."
(Appellant's Brief at 8).
In her third assignment of error, appellant continues in this same vein, arguing there is no factual finding appellant was a party to the alleged agreement, nor that she even gave verbal assent thereto. Appellant concludes,
 "If Rose Mary Walker-Brown [appellant] was not a party to any such agreement, an order of specific performance against her is not available."
(Appellant's Brief at 9. Emphasis added).
Although we tend to agree with this argument, we find it one not falling within the parameters of appellant's written objection to the magistrate's decision. We do not read appellant's objections to the magistrate's decision as challenging appellant's lack of participation in or consent to the agreement to transfer the property, but rather to challenge the absence of a binding written agreement to convey it. The latter objection was properly overruled by the common pleas court on the basis of full performance by appellee. Because appellant did not object to the magistrate's failure to specifically find she was a party to the agreement between Ernest Brown and appellee, and did not object to the magistrate's failure to find the agreement lacked appellant's assent, we find appellant has waived her right to assert such error on appeal pursuant to Civ.R. 53(E)(3)(b). Appellant's second and third assignments of error are overruled.
The judgment entry of the Stark County Court of Common Pleas is affirmed.
By: HOFFMAN, J. GWIN, P.J. and EDWARDS, J. concur.