This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Instant Win Ltd. and Natural Health Foundation, have appealed from a judgment of the Summit County Court of Common Pleas that granted Appellees'[1] motion to dismiss. This Court reverses and remands.
 I.
On May 9, 2001, Appellants filed a complaint seeking a declaratory judgment and injunctive relief. Additionally, Appellants moved for a temporary restraining order. The trial court denied Appellants' motion for a temporary restraining order. Thereafter, Appellees moved to dismiss the complaint. On August 31, 2001, the trial court granted Appellees' motion and dismissed Appellants' complaint. Appellants have appealed the decision asserting four assignments of error for review.
 II. Assignment of Error One The trial [court] prejudicially erred to the detriment of Appellant[s] by invoking the "[jurisdictional] priority rule" citing proceedings to which Appellant[s] [are] not [parties] and to which jurisdiction in that case was limited to Franklin County and which does not govern citizens/business entities in Summit County and involved issues different than those cases in other parts of the state of Ohio[.]
In their first assignment of error, Appellants have averred that the trial court erred by invoking the jurisdictional priority rule to dismiss Appellants' motion for a declaratory judgment.[2]
The jurisdictional priority rule states that "[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals." State ex rel. Racing Guild ofOhio v. Morgan (1985), 17 Ohio St.3d 54, 56, quoting State ex rel.Philips v. Polcar (1977), 50 Ohio St.2d 279, syllabus. Furthermore, "[w]hen a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." JohnWeenick Sons Co. v. Court of Common Pleas of Cuyahoga Cty. (1948),150 Ohio St. 349, paragraph three of the syllabus.
In general, the jurisdictional priority rule operates in situations where the claims or causes of action are the same in both cases; thus, if the second case does not involve the same claims or parties, the first case will not prevent the second case. See State ex rel. Dannaher v.Crawford (1997), 78 Ohio St.3d 391, 393, citing State ex rel. Sellersv. Gerken (1995), 72 Ohio St.3d 115, 117; See, also, State ex rel. RedHead Brass, Inc. v. Holmes Cty. Court of Common Pleas (1997),80 Ohio St.3d 149, 151. Nevertheless, the rule may apply even if the causes of action and relief requested are not identical in both cases.Sellers, 72 Ohio St.3d at 117. Therefore, the rule applies if the claims in both cases are sufficiently similar such that each of the actions "comprises part of the `whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked." RacingGuild of Ohio, 17 Ohio St.3d at 56. Actions comprise part of the "whole issue" when: (1) there are cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and (2) the "ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where the suit originally commenced." Michaels Bldg. Co. v. Cardinal Fed. S. L.Bank (1988), 54 Ohio App.3d 180, 183.
In the case sub judice, on May 9, 2001, Appellants filed a complaint for declaratory judgment to determine Appellants' rights with respect to TreasureQuest Machines. Specifically, Appellants contended that TreasureQuest Machines were legal gambling devices and, therefore, requested the trial court to declare such machines legal. However, prior to Appellants' complaint, on September 22, 2000, the State seized six TreasureQuest Machines[3] and, on March 14, 2001, instituted a forfeiture action, in the Franklin County Court of Common Pleas, as to these machines and described the machines as contraband. Thereafter, Appellants moved to intervene in the action on April 18, 2001.
We find that the record is devoid of evidence illustrating that the Franklin County Court of Common Pleas granted Appellants' motion to intervene; therefore, we cannot say that the same parties are involved in both cases. However, we note that if the Franklin County Court of Common Pleas granted Appellants' motion to intervene, the jurisdictional priority rule would apply as the same parties would be involved in both cases and the claims in both cases are sufficiently similar. Specifically, the forfeiture action is in regard to six TreasureQuest Machines the State labels as contraband and the declaratory judgment action concerns the legality of these same six machines. Therefore, it could be said that the cases are sufficiently similar, thereby comprising part of the whole issue. As such, the declaratory judgment action would affect or interfere with the resolution of the issues before the court in the forfeiture action because the Franklin County Court of Common Pleas would be required to determine the legality of the TreasureQuest Machines in order to decide the forfeiture action. Consequently, the trial court must first determine whether the motion to intervene was granted before it can properly invoke the jurisdictional priority rule. Accordingly, Appellants' first assignment of error is sustained.
 Assignment of Error Two The trial court abused its discretion by ignoring evidence which demonstrated the existence of a controversy between the parties in Summit County which required interpretation of existing statutes R.C. 2915.02 which demonstrated [Appellants'] entitlement to relief under the provisions of R.C. 2721.02 ET SEQ [sic.]
 Assignment of Error Three The trial court prejudicially erred in granting summary judgment where the relief sought was an interpretation of Ohio law[.]
 Assignment of Error Four The trial court violated the procedural due process rights of Appellant[s] by holding Appellant[s] to a firm time-table for the filing of its brief while allowing Appellee Summit County Sheriff to file its brief six days after the deadline set by the court by written order and ignoring [Appellants'] motion to strike[.]
In light of our decision in assignment of error one, we cannot address Appellants' second, third, and fourth assignments of error at this time.
 III.
Appellants' first assignment of error is sustained and its second, third, and fourth assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
SLABY, P.J. CONCURS
[1] Additional Appellees include: Summit County Sheriff, Sagamore Hills Township, Richfield Township, Bath Township, Coventry Township, Springfield Township, City of Stow, City of Tallmadge, City of Hudson, Village of Richfield, City of Akron, City of Barberton, Village of Boston Heights, City of Green, City of Macedonia, State of Ohio, Village of Mogadore, City of Cuyahoga Falls, City of Norton, City of Fairlawn, Village of Lakemore, Village of Silver Lake, Copley Township, Franklin Township, and Village of Munroe Falls.
[2] This Court will address Appellants' jurisdictional priority rule assignment of error, assuming, without deciding, the appropriateness of Appellants' declaratory judgment action.
[3] TreasureQuest Machines are electronic gambling machines similar to a slot machine.