[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Lagoons Point Land Co., appeals a motion to dismiss granted by the Lake County Court of Common Pleas. The following procedural facts are relevant to this appeal.
On August 2, 2000, Attorney Timothy J. Grendell, appellee, filed a complaint against Albert Nozik in the Cuyahoga County Court of Common Pleas. Mr. Nozik is an attorney and the controlling shareholder of Lagoons Point Land Company. The complaint sought a declaratory judgment finding that Albert Nozik owed appellee outstanding attorney fees and costs.
On October 4, 2000, appellant filed a complaint in Lake County Court of Common Pleas against appellee for malpractice; alleging that appellee failed to return fees that were overpaid to him. On October 10, 2000, appellee filed a motion to dismiss the Lake County case for lack of subject matter jurisdiction. On October 19, 2000, appellant filed an answer to appellee's motion to dismiss arguing that Lagoons Point was not a party in the Cuyahoga County case and that the cases involved different issues.
On October 24, 2000, appellee moved to amend his complaint in the Cuyahoga County case to include appellant as a named defendant. The motion was granted and the amended complaint was filed on that same date.
On December 11, 2000, the Lake County Court granted appellee's motion and dismissed the case, finding that both cases involved the same parties and the same issues and that both courts had concurrent jurisdiction.
Appellant asserts four assignments of error. Because all of the assignments of error are in relation to the trial court's ruling on the motion to dismiss, we will provide one analysis on the conduct of the trial court which will properly include each assignment of error.
Appellant's first assignment of error is as follows:
 "The trial court erred in making certain conclusions, determinations, and findings without conducting any hearings or taking any evidence."
Appellant's second assignment of error is:
 "The trial court erred in dismissing plaintiff's complaint when the issue was `venue.'"
Appellant's third assignment of error is:
 "The trial court erred by incorporating into its opinion the unsubstantiated allegations contained in the defendant's two `supplemental motions to dismiss.'"
Appellant's fourth assignment of error is:
 "The trial court erred in concluding that `because of the actions sought by plaintiff in this case involved the same issue and substantially the same parties as the action brought in Cuyahoga County, the jurisdictional propriety [sic] rule applies and this court is precluded from exercising jurisdiction over the action.'"
Appellant's first and third assignments of error contend that the trial court erred in granting appellee's motion to dismiss without first holding an evidentiary hearing and by going outside of the pleadings to make its determination.
When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the court must determine whether the plaintiff has any alleged cause of action which the court has authority to decide.[1]
Regarding motions to dismiss for lack of subject matter jurisdiction under Civ.R. 12(B)(1), the Supreme Court of Ohio has noted:
 "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R.(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."[2]
The court may dismiss a complaint for lack of subject matter jurisdiction based upon (1) the complaint alone; (2) the complaint and undisputed facts evidenced in the record; or (3) the complaint, undisputed facts evidenced in the record, and the court's resolution of disputed facts.[3] Therefore, no hearing is required for a jurisdictional ruling on the pleadings as the court may look outside the pleadings to information contained in the record that is pertinent to its ruling on subject matter jurisdiction.
In the case sub judice, the judgment entry from the trial court notes that appellee's motion to dismiss, followed by two supplemental briefs and appellant's brief in opposition formed the basis of the trial court's findings.
Therefore, appellant's first assignment of error has no merit as there is no requirement that the trial court hold an evidentiary hearing in order to rule on a motion to dismiss for lack of subject matter jurisdiction. The court may look to the pleadings and undisputed facts from the record in making its determination.
Appellant's first and third assignments of error are without merit.
Appellant's second and fourth assignments of error assert that the trial court erred in granting appellee's motion to dismiss because the issue is one of venue and the jurisdictional priority rule does not apply.
The jurisdictional priority rule states, "`(a)s between (state) courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'"[4]
After independently reviewing the record, we find that the trial court properly dismissed appellant's complaint based on a lack of subject matter jurisdiction. Citing the jurisdictional priority rule, the trial court correctly concluded that both the Lake County Court of Common Pleas and the Cuyahoga County Court of Common Pleas had concurrent jurisdiction and that the Cuyahoga court acquired jurisdiction first.
The jurisdictional priority rule applies if the claims in both cases are sufficiently similar in that each of the actions "comprises part of the `whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked."[5] In determining whether the two cases involve the same "whole issue" the court must follow a two-part analysis. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction must affect or interfere with the resolution of the issues before the court where the suit was originally commenced.[6]
The trial court applied this two-step analysis and correctly concluded that the two suits involve substantially the same parties. The Cuyahoga County case was brought by Timothy Grendell and his partner against Albert Nozik. Grendell later amended his complaint to include Lagoons Point Land Co. In the Lake County case, Lagoons Point Land Co. is the plaintiff and appellee Nozik is named in the complaint as the chief shareholder, president and director of plaintiff. It is clear that the parties are the same in both cases.
The trial court concluded that a ruling in the Lake County case would interfere with the resolution of the case pending in Cuyahoga County. We agree with this finding. The Lake County case brought by appellant against Grendell alleges the same claim as alleged in count seven of Nozik's counterclaim in the Cuyahoga County case. The same facts and circumstances apply in both cases. Both claims relate to a dispute over legal fees and expenses in the same eminent domain action. Therefore, any ruling by the Lake County case would interfere greatly with the case pending in the Cuyahoga County court.
Based on the foregoing analysis, the Lake County court properly determined it did not have subject matter jurisdiction. Therefore, the trial court did not err in granting appellee's motion to dismiss based on a lack of subject matter jurisdiction.
Appellant's fourth assignment of error is without merit.
Appellant's second assignment of error, contending that the true issue is venue, does not apply. A party can only assert improper venue where a court already has subject matter jurisdiction. Statutes or rules relating to venue are merely procedural and determine where the suit should be heard. Because venue rules do not relate to jurisdiction, they do not empower a court to hear a case if subject matter jurisdiction does not already reside in the court.[7]
Appellant's second assignment of error is without merit. The judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80.
[2] Southgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus.
[3] Johnson v. Wilkinson (1992), 84 Ohio App.3d 509, 516.
[4] State ex rel. Dannaher v. Crawford 78 Ohio St.3d 391, 393,1997-Ohio-72, quoting State ex rel. Racing Guild of Ohio v. Morgan
(1985), 17 Ohio St.3d 54, 56.
[5] State ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, 56.
[6] Fronk v. Chung (Apr. 30, 1999), 11th Dist. No. 98-L-079, 1999 WL 266571, at *3.
[7] Morrison v. Steiner (1972), 32 Ohio St.2d 86.