OPINION
{¶ 1} Defendant-appellant, Kelvin Kinney, appeals from a judgment of the Franklin County Municipal Court denying appellant's motion to vacate and/or dismiss the court's previous award of a default judgment against appellant. For the following reasons, we affirm that judgment.
 {¶ 2} By a complaint filed in the Franklin County Municipal Court on or about August 9, 1999, appellee, Paul E. Fenner, sought to evict appellant from property he leased to appellant at 1112 Carolyn Avenue in Columbus, Ohio ("Case 25867"). That complaint also sought unpaid rent from June 11, 1999 through August 15, 1999, as well as daily rent due until appellant was evicted. By court order dated October 2, 1999, appellant was evicted from the property, although appellee's claims for past due rent remained pending. Those claims were ultimately dismissed by the court on February 8, 2002.
 {¶ 3} After discovering substantial damage to the property following the eviction, appellant filed a second complaint on November 2, 1999, in the same court ("Case 36244"). Appellant sought compensatory damages, including loss of rental income, property damage, unpaid rent, costs and attorney fees. Appellant was served with the complaint via certified mail on November 6, 1999. Shortly after the time to move or plead to the complaint had expired under the Civil Rules, appellant sent the court a letter, dated December 10, 1999, disputing appellee's lawsuit and requesting the court to inform him of any future court date. Appellant's letter did not include a return address and was not sent to appellee or his counsel.
 {¶ 4} On December 13, 1999, appellee moved for default judgment against appellant. The motion for default judgment was mailed to appellant at the same address as the address where the complaint had been served. Appellant did not respond to that motion. By entry filed January 26, 2000, the trial court granted appellee's motion and entered a default judgment against appellant for the requested amount of $8,000, plus interest, costs and reasonable attorney fees. A copy of that entry was sent to appellant at his last known address, but was returned as unclaimed.
 {¶ 5} More than two years later, on May 24, 2002, appellant filed a motion to vacate and/or dismiss the default judgment. Appellant asserted that the trial court did not have subject matter jurisdiction to hear Case 36244, that the default judgment was improperly granted because he had appeared in the case by virtue of his December 10, 1999 letter, and because he never signed the lease for the property in question. The trial court denied appellant's motion, finding that it was untimely filed.
 {¶ 6} Appellant appeals, assigning the following errors:
 {¶ 7} "I. The Trial Court erred in overruling Defendant/Appellant's Motion to Vacate Judgment and/or Dismiss in that the Court had no subject matter jurisdiction in Case No. 99-CVF-36244 due to the pendency of an earlier filing in the same Court requesting similar damages arising from the same tenancy against the same tenants.
 {¶ 8} "II. The Trial Court erred in denying Defendant/Appellant's Motion Vacate [sic] Judgment and/or Dismiss, in that, Defendant/Appellant had either answered the Complaint or, alternatively, had entered an appearance in the action, prior to the filing of the Motion for Default Judgment and, pursuant to Ohio Rule of Civil Procedure 55(A), the Court should have either denied the Motion for Default Judgment or set the matter for hearing, with a notice to the Defendants, which it did not.
 {¶ 9} "III. The Trial Court erred in denying Defendant/Appellant's Motion to Vacate Judgment and/or Dismiss in that Defendant/Appellant was entitled to relief from the Judgment pursuant to Ohio Rule of Civil Procedure 60(B)(5)."
 {¶ 10} Appellant contends in his first assignment of error that the trial court erred in not dismissing appellee's complaint for lack of subject matter jurisdiction. Appellant asserts that the jurisdictional priority rule divested the trial court of subject matter jurisdiction in Case 36244 because appellee had previously filed the same case seeking the same money damages in Case 25867, which was still pending. We disagree.
 {¶ 11} The jurisdictional priority rule provides that, "`[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" State ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 393, quoting State ex rel. Racing Guild of Ohio v. Morgan (1985), 17 Ohio St.3d 54, 56; Lagoons Point Land Co. v. Grendell, Lake App. No. 2001-L-043, 2002-Ohio-3372, at ¶ 24. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." John Weenink Sons Co. v. Court of Common Pleas of Cuyahoga Cty. (1948),150 Ohio St. 349, paragraph three of the syllabus; see, also, B-Dry System, Inc. v. Kronenthal (June 30, 1999), Montgomery App. No. 17130. This rule ultimately operates to divest one court of jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties. Id., citing Miller v. Court of Common Pleas (1944), 143 Ohio St. 68, 70.
 {¶ 12} The jurisdictional priority rule applies if the claims in both cases are sufficiently similar, in that each of the actions "`comprises part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked.'" Lagoons Point, supra, at ¶ 26, citing State ex rel. Racing Guild, supra, at 56. In determining whether the two cases involve the same "whole issue," the court must follow a two-part analysis. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction must affect or interfere with the resolution of the issues before the court where the suit was originally commenced. Id.; Instant Win, Ltd. v. Summit Cty. Sheriff, Summit App. No. 20762, 2002-Ohio-1633.
 {¶ 13} Appellant's reliance on the jurisdictional priority rule in this case is misplaced. Here, appellee filed two distinct cases in the same court seeking different relief. In the first case, appellee sought to evict appellant from the property and to recover unpaid rent due up until appellant was evicted. In the second case, which is currently before this court, appellee sought essentially compensatory damages comprised of property damage and loss of rental income subsequent to the eviction. Therefore, the two cases did not involve the same "whole issue." These facts distinguish this case from Green v. Findo (Sept. 26, 1991), Licking App. No. CA-3629, cited by appellant, wherein the landlord filed two cases in the same court, both of which sought the identical relief.
 {¶ 14} Moreover, the jurisdictional priority rule contemplates cases pending in two different courts of concurrent jurisdiction — not two cases filed in the same court. See B-Dry System, supra (cases filed in Greene and Montgomery County Common Pleas Courts); Lagoons Point, supra (cases filed in Cuyahoga and Lake County Common Pleas Courts). Here the Franklin County Municipal Court clearly had subject matter jurisdiction to resolve the post-eviction allegations raised in the complaint, although consolidation of this case with the earlier filed, but still pending eviction action, may have been justified based upon principles of judicial economy. Nevertheless, the jurisdictional priority rule does not apply under the circumstances presented. Therefore, the trial court was not divested of jurisdiction. Appellant's first assignment of error is overruled.
 {¶ 15} Appellant's second and third assignments of error both contend that the trial court erred in denying his motion to vacate the default judgment made pursuant to Civ. R. 60(B). Therefore, we will address these assignments of error together. Appellant first asserts that his December 10, 1999 letter to the court constituted an answer. Therefore, appellant asserts that default judgment was improper. See Civ. R. 55(A). Even assuming that this letter could constitute an answer, it was not timely filed. An untimely filed answer does not prevent an entry of default judgment. Suki v. Blume (1983), 9 Ohio App.3d 289, 291; Stern v. Stern (Dec. 21, 1999), Jefferson App. No. 97 JE 68 (default judgment could be entered after untimely answer to amended complaint).
 {¶ 16} In the alternative, appellant argues that, even if his December 10, 1999 letter does not constitute an answer, it at least constitutes an appearance, thereby triggering the notice and hearing requirements set forth in Civ. R. 55(A). Kime v. Dierksheide (May 24, 1985), Wood App. No. WD-85-7 (untimely answer did not meet requirements of an answer but could constitute an appearance). Because these requirements were not met, appellant asserts that the default judgment was improper and should have been vacated.
 {¶ 17} Pursuant to Civ. R. 55(A), if a party has failed to plead or otherwise defend in an action, but that party has appeared in the action, the party must be served with written notice of the application for default judgment at least seven days prior to a hearing on the motion for default judgment. Id.; In re Forfeiture of $1952.00 U.S. Currency (Nov. 16, 1993), Franklin App. No. 93AP-957; Schlosser v. Dick (Aug. 15, 1991), Montgomery App. No. 12236 (pro se response to complaint purporting to be an answer constituted an appearance). In the case at bar, it appears from the record that appellant never received notice of the application for default judgment. This court has held that, where a defendant makes an appearance in an action but does not receive the required seven-day notice of the default judgment, the court's default judgment is voidable and subject to being vacated under a Civ. R. 60(B) analysis. Lexis-Nexis v. Robert Binns Assoc., Inc. (Dec. 1, 1998), Franklin App. No. 98AP-228; Hall v. Parcels of Land Encumbered with Delinquent Tax Liens (June 5, 1997), Franklin App. No. 96APE11-1552; but, see, Hartmann v. Crime Victims Reparations Fund (2000),138 Ohio App.3d 235, 238. However, in this case, even if the letter constituted an appearance for purposes of Civ. R. 55(A), thereby making the default judgment voidable, appellant failed to satisfy the requirements of Civ. R. 60(B).
 {¶ 18} Civ. R. 60(B), in pertinent part, provides:
 {¶ 19} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 20} To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146; Kahler v. Graham (June 18, 1998), Franklin App. No. 97APG10-1441.
 {¶ 21} A motion made pursuant to Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77; Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66; Investors Reit One v. Fortman (Jan. 16, 2001), Franklin App. No. 00AP-195. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; see, also, Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 20.
 {¶ 22} This court previously has held that, when the reason for relief from judgment is the failure to give notice of the application for default judgment, relief must come from Civ. R. 60(B)(1). Hall, supra; Lexis-Nexis, supra; White Cross Properties v. Finneran, Finneran Finneran (Sept. 26, 1989), Franklin App. No. 89AP-219. Although appellant also requested relief under Civ. R. 60(B)(5), that provision is not to be used as a substitute for any of the other more specific provisions of Civ. R. 60(B). Hall, supra, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph one of the syllabus. Because this court has already stated that relief from judgment is appropriate under these circumstances pursuant to Civ. R. 60(B)(1), we look to that provision, and not the catch-all provision found in Civ. R. 60(B)(5), in assessing whether the trial court abused its discretion in denying appellant relief.
 {¶ 23} The trial court found appellant's Civ. R. 60(B) motion was not timely filed. We agree. A motion seeking relief under Civ. R. 60(B)(1) must be filed within one year from the date of judgment. GTE Automatic, supra. The default judgment appellant sought to have vacated was entered on January 26, 2000. Appellant's motion to have that judgment vacated was not filed until May 24, 2002, more than two years from the entry of the default judgment and well outside the one-year time limit applicable to Civ. R. 60(B)(1). Moreover, even if the timeliness of appellant's motion is assessed under a Civ. R. 60(B)(5) standard, a delay of more than two years is unreasonable under these circumstances.
 {¶ 24} Because appellant's Civ. R. 60(B) motion was not timely filed, the trial court did not abuse its discretion in denying the motion. Appellant's second and third assignments of error are overruled.
 {¶ 25} Having overruled appellant's three assignments of errors, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.