OPINION
{¶ 1} Mark R. Wellman and Gina S. Wellman, plaintiffs-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion to dismiss filed by The Salt Creek Valley Bank (referred to individually as "SCVB") and Bruce W. Fout, defendants-appellees.
 {¶ 2} In 1996, appellants owned a three-acre parcel of land that was secured by a mortgage held by SCVB. Fout is the CEO and president of SCVB. In June 1996, SCVB filed a foreclosure action in the Pickaway County Court of Common Pleas on appellants' tract of land. Appellants filed a bankruptcy petition in August 1996, and the foreclosure action was stayed. The case was reactivated after an entry of a discharge was filed in the bankruptcy case in February 1998, and SCVB was eventually granted summary judgment in the foreclosure action. An entry decree of foreclosure was filed in March 1998. The foreclosure action was then stayed again pursuant to another bankruptcy filing, which was dismissed for failure to make plan payments, and then reactivated in January 2002. A judgment decree of foreclosure was filed in April 2002. The foreclosure action was once again stayed after appellants filed another bankruptcy petition, which was dismissed for failure to submit a confirmable plan, and the foreclosure action was reactivated in December 2002. A sheriff's sale was scheduled for February 2003, but was cancelled as appellants had filed another bankruptcy petition.
 {¶ 3} A plan was approved in the bankruptcy action in July 2003, which provided for payments to SCVB, but the bankruptcy trustee filed a motion to dismiss in March 2004, asserting appellants were over six months in arrears on their plan payments. The motion to dismiss was heard July 7, 2005. There was testimony that appellants had paid only $7,762 out of the $50,670 that should have been paid according to their plan, with the most recent payment having been made in May 2004. At the conclusion of the hearing, the bankruptcy court granted the trustee's motion, and the bankruptcy petition was dismissed, with a bar to refiling for a period of 180 days. Appellants then filed a motion for reconsideration, which the bankruptcy court construed as a motion for amendment of a judgment. The bankruptcy court denied the motion, and appellants appealed the dismissal of their bankruptcy case and the denial of their motion for amendment of judgment.
 {¶ 4} The foreclosure action was reactivated in August 2005, and appellants filed in that action on August 19, 2005, a Civ.R. 60(B) motion for relief from the decree of foreclosure, claiming SCVB had demonstrated "sinister intent" to harm them financially. The motion was denied September 21, 2005. After appellants served a subpoena on SCVB requesting a transaction history of their account, the trial court granted SCVB's motion for protective order in October 2005. Appellants appealed both the trial court's denial of their motion for relief from judgment and its granting of the motion for protective order.
 {¶ 5} On October 18, 2005, appellants filed the current action against appellees, alleging: (1) "fraud," based upon Fout's allegedly false testimony during the July 7, 2005 bankruptcy hearing as to the amount of SCVB's claim against appellants; (2) "intentional tort of clogging plaintiffs' right to cure default," based upon appellees' failure to give appellants notice every month they defaulted on their mortgage; (3) "intentional tort of clogging plaintiffs' right to redemption"; (4) "intentional tort designed to willfully cause plaintiffs financial damage," based upon an alleged 1997 statement by Fout that he was not accepting a wire transfer from appellants for past due and future mortgage payments in order "to teach them a lesson"; (5) "intentional tort of defendants refusing to furnish plaintiffs their loan history"; and (6) "abuse of process," based upon appellees' proceeding with the foreclosure sale set for October 18, 2005. On November 23, 2005, appellees filed a motion to dismiss appellants' complaint based upon Civ.R. 12(B)(1), (3), and (6), claiming lack of subject-matter jurisdiction, improper venue, failure to state a claim for which relief may be granted, and res judicata. On January 26, 2006, the trial court granted appellees' motion to dismiss, concluding it had no subject-matter jurisdiction to hear the claims in appellants' complaint, because they were based upon matters ruled upon in the bankruptcy and foreclosure actions, and the decisions in those cases were being reviewed by federal and state appellate courts. Also on January 26, 2006, the United States Bankruptcy Appellate Panel for the Sixth Circuit issued a decision in In re Wellman (Bankr.Ct.Oh. 2006), 337 B.R. 729, in which the court affirmed the orders of the bankruptcy court dismissing appellants' bankruptcy case and denying their motion for amendment of judgment. Appellants appeal the trial court's judgment, asserting the following three assignments of error:
[I.] The Trial Court erred in dismissing Plaintiffs-Appellants' Complaint since all the claims alleged therein were new claims not included in any prior litigation, because they were either not in existence or not known to Plaintiffs-Appellants during the foreclosure suit.
[II.] The Trial Court Erred in granting Defendants-Appellees' Motion to Dismiss where the Decision was based upon facts outside the pleadings and could only have been properly addressed under Civ. Rule 56 to be fair to both parties.
[III.] The Trial Court erred in dismissing Plaintiffs-Appellants' Complaint against individual Defendant-Appellee, Fout, because he was never individually a party to any prior proceeding.
 {¶ 6} Appellants argue in their first assignment of error that the trial court erred when it dismissed their complaint because all the claims alleged therein were new claims not included in any prior litigation and were either not in existence or not known to appellants during the foreclosure action. The trial court granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(1). Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a motion to dismiss, pursuant to Civ.R. 12(B)(1), is "whether any cause of action cognizable by the forum has been raised in the complaint." Stateex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo, and, therefore, it must review the issues independently of the trial court's decision. CrestmontCleveland Partnership v. Ohio Dept. of Health (2000),139 Ohio App.3d 928, 936.
 {¶ 7} Once a court acquires jurisdiction over a cause of action, its authority continues until the matter is "completely and finally disposed of." John Weenink Sons Co. v. Court ofCommon Pleas of Cuyahoga Cty. (1948), 150 Ohio St. 349, paragraph three of syllabus. The jurisdictional priority rule provides that "`as between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" State ex rel.Racing Guild of Ohio v. Morgan (1985), 17 Ohio St.3d 54, 56, quoting State ex rel. Phillips v. Polcar (1977),50 Ohio St.2d 279, syllabus. For the state jurisdictional priority rule to operate, it is generally required that the claims or causes of action be the same in both cases. Davis v. Cowan Sys., Cuyahoga App. No. 83155, 2004-Ohio-515, at ¶ 12. Therefore, if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case. State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court ofCommon Pleas (1997), 80 Ohio St.3d 149.
 {¶ 8} In the present case, the trial court found that the jurisdictional priority rule applied to preclude jurisdiction in Franklin County. We disagree. Initially, we note the trial court found that each of the claims raised in the present case were based upon matters ruled upon by the bankruptcy court or the Pickaway County court and pending before federal and state appellate courts. However, the jurisdictional priority rule applies only to state courts and not to federal courts, including bankruptcy courts. See, e.g., Loveday v. Loveday, Belmont App. No. 02 BA 13, 2003-Ohio-1431, at ¶ 21-22. Thus, the proceedings in the bankruptcy court have no relevance to the application of the jurisdictional priority rule.
 {¶ 9} Notwithstanding, the jurisdictional priority rule does not apply to the present case because there were not two cases pending before two courts of concurrent jurisdiction. At the time of the trial court's judgment herein, the Pickaway County Common Pleas Court had already issued a final judgment, and that foreclosure action was pending on appeal before the Fourth District Court of Appeals. The Franklin County Common Pleas Court and the Fourth District Court of Appeals are not courts of concurrent jurisdiction. Concurrent jurisdiction means jurisdiction of different courts wherein litigants may, in the first instance, resort to either court indifferently. Black's Law Dictionary (6 Ed. 1990) 291. Litigants may not, in the first instance, resort indifferently to either a trial court or an appellate court to bring a civil action. Further, it is clear the Pickaway County Common Pleas Court no longer had jurisdiction for purposes of the jurisdictional priority rule. The rule provides that no other court may exercise conflicting jurisdiction until the first court has exhausted its jurisdiction. State ex rel.Gelman v. Court of Common Pleas of Lorain Cty. (1961),172 Ohio St. 73. A court is deemed to have exhausted its jurisdiction once it decrees a final judgment that disposes of all issues before the court. Brooks v. Brooks (Nov. 1, 1988), Franklin App. No. 87AP-980. Thus, once the Pickaway County Common Pleas Court issued its final judgment in the foreclosure action, it no longer could have conflicting jurisdiction with Franklin County.
 {¶ 10} Although the trial court's decision is unclear, it appears as though it believed the Pickaway County Common Pleas Court still had jurisdiction at the time of the dismissal in the present case based upon the well-established tenet that, after an appeal has been instituted, a trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm a judgment. Although this logic is alluring, we can find no authority for the proposition that the jurisdictional priority rule applies after the first action has come to a final judgment and is pending in an appellate court. Further, to apply the jurisdictional priority rule when an appeal of the first court's judgment is pending would not further the purpose of the rule. The purpose behind the rule of priority is to prevent two courts from issuing disparate judgments addressing the same subject matter between the same parties. See Treciak v. Ohio Dept. of Commerce (June 8, 1999), Franklin App. No. 98AP-1019. However, once the first trial court has issued a final judgment, any action filed in another jurisdiction involving the same parties and issues would be barred by res judicata. Thus, there would be no danger of two courts issuing disparate judgments under those circumstances. Accordingly, we conclude the jurisdictional priority rule did not preclude the trial court from exercising jurisdiction, and the trial court erred in so finding.
 {¶ 11} Our conclusion that the trial court improperly relied upon the jurisdictional priority rule does not, however, fully resolve appellees' motion to dismiss. Appellees also raised in their motion that dismissal was appropriate under Civ.R. 12(B)(3), claiming Franklin County was an improper venue, and Civ.R. 12(B)(6), claiming the complaint failed to state a claim upon which relief can be granted based upon res judicata. Because the trial court dismissed the action, pursuant to the jurisdictional priority rule, it did not address dismissal under Civ.R. 12(B)(3) and (6). We decline to address these arguments for the first time on appeal. It is well-established that this court will not rule upon questions not considered by a trial court. Ochsmann v. Great Am. Ins. Co., Franklin App. No. 02AP-1265, 2003-Ohio-4679, citing Mills-Jennings, Inc. v. Dept.of Liquor Control (1982), 70 Ohio St.2d 95, 99. Therefore, we must remand the matter for the trial court to consider the other grounds in appellees' motion to dismiss. Of course, if the trial court desires to consider matters outside the complaint in addressing the res judicata arguments under Civ.R. 12(B)(6), as it did in addressing the jurisdictional priority rule, the trial court must convert the motion to dismiss into a Civ.R. 56 motion for summary judgment and notify the parties of its intention to do so. See Powell v. Vorys, Sater, Seymour Pease (1998),131 Ohio App.3d 681, 684; Civ.R. 12(B). For these reasons, appellants' first assignment of error is sustained.
 {¶ 12} Appellants argue in their second assignment of error that the trial court erred in granting appellees' motion to dismiss because the decision was based upon facts outside the complaint and could have only been properly addressed under Civ.R. 56 to be fair to both parties. Appellants argue in their third assignment of error that the trial court erred in dismissing their complaint against Fout individually, as he was never a party to any prior proceeding. Given our disposition of appellants' first assignment of error, appellants' second and third assignments of error are moot.
 {¶ 13} Accordingly, appellants' first assignment of error is sustained, their second and third assignments of error are moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Petree, JJ., concur.