OPINION *Page 2 
{¶ 1} Appellant Fred Charton appeals the May 12, 2006, decision of the Stark County Court of Common Pleas approving and adopting a Consent Agreement entered into by Republic Services of Ohio II, LLC and Pike Township Trustees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts give rise to this appeal:
 {¶ 3} Appellee Republic Services of Ohio LLC (hereinafter "Republic"), is the owner of certain real property in Pike Township, Stark County, Ohio, upon approximately 100 acres of which it operates a licensed sanitary landfill (Countywide Landfill). At the time Republic acquired said property (1984), it was zoned R-1 and R-2, and the landfill operated under a conditional use permit. In 1991, Pike Township Board of Trustees (hereinafter "Pike") amended its zoning resolution to conditionally permit sanitary landfills in I-1 or I-2 districts only. At that time, Republic's operation was a prior non-conforming use. In 1996, Pike rezoned all of Republic's property (575 acres) to General I-2. In 2000, Pike amended its Zoning Resolution again, placing limits and restrictions on sanitary landfills.
 {¶ 4} In May 2004, Republic applied for an expansion of its conditionally permitted use to increase its operating size from one hundred (100) acres to two hundred fifty-eight (258) acres. The Pike Township Board of Zoning Appeals (hereinafter "BZA"), after public hearing, denied Republic's application on July 14, 2004. In its findings of fact for so doing, the BZA stated that the evidence did not support certain portions of the Zoning Resolution. Four (4) of the six (6) portions cited were new provisions adopted in 2000. *Page 3 
 {¶ 5} Republic filed an appeal, upon law and fact, of the BZA's decision, pursuant to R.C. 2506, on August 10, 2004. That case, 2004-CV-02656, was assigned to Judge Lioi. On August 12, 2004, Republic filed a Complaint for Declaratory Judgment, Mandamus and Other Relief against Pike Township, the Pike Township Board of Trustees, and the Pike Township Zoning Inspector (hereinafter collectively "Pike"). That Complaint, the underlying case at bar, 2004-CV-02705, was assigned to Judge Sinclair. The Complaint prayed for declaratory judgment that 1) Republic's use of the Property, including the Expansion Area, for the Countywide facility is a public utility and therefore exempt from the Township Zoning Resolution under Ohio Revised Code Section 519.211, and that no conditional use permit or other approval from the Township for such expansion is required; 2) that the Township Zoning Resolution, including those provisions governing conditional use permits for solid waste disposal facilities, as applied to prevent the proposed expansion of the Countywide facility are arbitrary, capricious and unreasonable as applied to the Property and do not advance the health, safety or morals of the Township and, therefore, are unconstitutional, and that Republic is entitled to expand the Countywide facility; or, in the alternative, 3) that the Township Zoning Resolution, including those provisions governing conditional use permits for solid waste disposal facilities, is preempted by Revised Code Section 3734.02 and rules promulgated thereunder to the extent it effectively excludes any new or additional landfills from the Township.
 {¶ 6} Republic also sought an order directing and requiring the Township Zoning Inspector to issue or cause to be issued any zoning certificates required for the *Page 4 
expansion of the Countywide facility on the Property in the event the Court granted declaratory relief as described above.
 {¶ 7} Finally, Republic also sought a writ of mandamus compelling the Township to immediately commence appropriation proceedings to determine the amount of compensation due Republic for the permanent or temporary taking of the Expansion Area portion of the Property.
 {¶ 8} On September 13, 2004, Appellee Pike filed their Answer denying Republic's claims.
 {¶ 9} On September 28, 2004, after giving proper legal notice of a special meeting to discuss pending litigation with counsel, Pike and counsel did so in executive session. As a result of extensive negotiations between counsel for the parties, a settlement was reached and that settlement was approved in public session.
 {¶ 10} In the Spring of 2006, during discovery in this case, its was found that, unknown to Pike or its counsel, the doors to the Stark County Office Building are locked at 5:00 p.m. Pike did not return to public session until after 6:00 p.m.
 {¶ 11} On September 29, 2004, seven weeks after the action was commenced, the Court entered a Settlement Agreement/Settlement Agreement/Consent Judgment, executed by both Republic and Pike, finding and declaring that the Township Zoning Resolution provisions governing the issuance of conditional use permits for solid waste disposal facilities to the Property that precluded its use for an expanded solid waste disposal facility "are invalid as applied to the Property," and that Republic "is entitled to expand its facility to its full capacity of 258 acres" (Settlement Agreement/Consent Judgment, ¶ 1); ordering the zoning inspector to issue a zoning certificate for that *Page 5 
expansion (Id., ¶ 2); ordering Republic to contribute an amount that could exceed $10,000,000, depending on the level of participation by the federal government, for the construction of a ramp and alternate roadway intended to redirect traffic to and from the Property (Id., ¶¶ 3-4); limiting the hours of operation for the facility (Id., ¶ 6); noting that Republic's claims for damages against the Township were withdrawn (Id., ¶ 7); and declaring that the Settlement Agreement/Settlement Agreement/Consent Judgment "resolves all remaining claims by . . . Republic against the Township." (Id.). The Court retained jurisdiction to enforce the terms of the Settlement Agreement/Settlement Agreement/Consent Judgment (Id., ¶ 9), and the parties expressly waived their appeal rights. (Id., ¶ 10).
 {¶ 12} Nine days after the Settlement Agreement/Settlement Agreement/Consent Judgment was entered, on October 8, 2004, Appellant asked the Court to vacate the Settlement Agreement/Settlement Agreement/Consent Judgment and to permit him to intervene in the action as a party defendant/respondent.
 {¶ 13} On October 29, 2004, Appellant filed a Notice of Appeal of said Settlement Agreement/Settlement Agreement/Consent Judgment Entry, which was dismissed sua sponte by this Court on December 2, 2004 (Case No. 2004CA00331). On January 5, 2005, Judge Sinclair denied Appellant's Motion to Intervene. On January 13, 2005, Appellant's Civ.R. 60(B) Motion to Vacate was also denied. The Appellant filed a Notice of Appeal on February 7, 2005, Case No. 2005CA00045.
 {¶ 14} This Court reversed and remanded Case No. 2005CA00045. In its December 19, 2005 Nunc Pro Tunc Opinion, this Court stated at Paragraph 53 et seq: *Page 6 
 {¶ 15} "We are not addressing the prior order of the trial court which denied the motion to intervene as untimely as such case had been closed, but, rather, this appeal is from the court's decision to deny the intervention motion and thereby the 60(b) motion on the basis of Judge Lioi's ruling in Common Pleas Case No. 2004CV02656, which decision we have reversed in the companion appeal in 2004CA00395.
 {¶ 16} "As the basis for the ruling denying intervention has been reversed on appeal, this case is remanded to the trial court for a determination on the merits of Appellant Charton's motion to intervene and, if granted, his 60(B) motion.
 {¶ 17} "This case is reversed and remanded for appropriate procedure in accordance therewith."
 {¶ 18} Judge Sinclair permitted Charton to intervene as a party defendant/respondent and vacated the 2004 Consent Decree. Charton filed his Answer, Counterclaim as to Republic, and Cross-Claims to Pike. On March 13, 2006, Republic filed an Amended Complaint (having received leave to do so from the Court). This Complaint added a new allegation: that by the very terms of Pike's 2000 Zoning Resolution, Republic was entitled to fully expand its operations into the Expansion Area.
 {¶ 19} The appropriate answers, etc. were filed. Extensive depositions and other discovery were conducted. Circumstances and the enactment of new legislation (R.C. 505.07) since September 2004 resulted in a new proposed consent decree. The change in circumstances included the Stark-Wayne-Tuscarawas Solid Waste District resolving to remove the three million dollars it had previously set aside to pay for construction of the ramp that was part of a condition precedent in the 2004 Consent Decree. Also, although the federal government earmarked the three million dollars it was to contribute *Page 7 
to the cost of building the Interstate 77/Gracemont entrance and exit ramps, that money had not been appropriated. Therefore, Republic offered a new settlement agreement to Pike, which stated that if either the Solid Waste District's money was not reinstated or if the federal money was never appropriated, or both, Republic would pay the full cost of construction of said ramp.
 {¶ 20} Following the procedures of R.C. 505.07, which permit townships to settle litigation "notwithstanding any contrary provision in another section of the Revised Code, Section 519.12 of the Revised Code, or any vote of the electors on a petition for zoning referendum . . ." Pike and Republic provided the required notices; Pike held the required meeting on March 28, 2006, and Pike resolved at the end of that public meeting to approve the proposed settlement agreement and ask the Court to approve same at the scheduled March 31, 2006 hearing. Both Pike and Republic moved the Court to approve the proposed agreement.
 {¶ 21} After a daylong hearing on March 31, 2006, in which Republic and Pike made statements through counsel, and Charton was permitted to call witnesses and present other evidence, Judge Sinclair ordered briefs on the fairness and reasonableness of the settlement agreement between Republic and Pike. On May 12, 2006, Judge Sinclair issued a Judgment Entry finding "based upon all the evidence presented" that the proposed agreement is fair and reasonable and approved it. On May 23, 2006, the Settlement Agreement/Settlement Agreement/Consent Judgment was filed, as to Republic and Pike. Other matters not determined, which pertained to allegations contained in Charton's counterclaim and cross-claim, were addressed by *Page 8 
dispositive motions filed by Republic and Pike. The non-oral hearing on June 9, 2006 on those motions has been stayed by Charton's June 5, 2006 appeal.
 {¶ 22} It is from this Judgment of the Common Pleas Court that Appellant Fred Charton now appeals and brings this matter to the Court of Appeals for review, setting forth the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 23} "I. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION AND IN ENTERING JUDGMENT APPROVING AND ADOPTING THE STIPULATED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES IN THE INSTANT DECLARATORY JUDGMENT ACTION, BECAUSE THERE WAS NO BONA FIDE REAL AND JUSTICIABLE CASE AND CONTROVERSY EXISTING BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND THE PIKE TOWNSHIP TRUSTEES WHO WERE JOINTLY SEEKING THE SAME OBJECTIVE.
 {¶ 24} "II. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION AND IN ENTERING JUDGMENT APPROVING AND ADOPTING THE STIPULATED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES IN THE INSTANT DECLARATORY JUDGMENT ACTION, BECAUSE OF THE EXISTENCE OF AN ALREADY PENDING PRIOR CASE IN STARK COUNTY COMMON PLEAS COURT INVOLVING THE SAME UNDERLYING FACTS AND ISSUES THE EXISTENCE OF WHICH CASE VESTED PRIMARY *Page 9 
JURISDICTION IN THE TRIAL COURT PRESIDING IN THE PREVIOUSLY FILED CASE UNDER PRINCIPLES OF PRIMARY JURISDICTION AND ALSO UNDER THE RULES OF THE STARK COUNTY COMMON PLEAS COURT.
 {¶ 25} "III. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION AND IN ENTERING JUDGMENT APPROVING AND ADOPTING THE STIPULATED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES IN THE INSTANT DECLARATORY JUDGMENT ACTION, BECAUSE SAID TRIAL COURT FAILED TO GIVE CONSIDERATION TO AND TO HEAR AND DETERMINE THE THRESHOLD ISSUE AND DEFENSE RAISED BY APPELLANT — FRED CHARTON OF FAILURE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES ON THE PART OF THE PLAINTIFF WHEN THE CIRCUMSTANCES ESTABLISHED BY THE RECORD DEMONSTRATE PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THE APPLICABILITY OF SUCH DEFENSE.
 {¶ 26} "IV. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION AND IN ENTERING JUDGMENT APPROVING AND ADOPTING THE STIPULATED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES IN THE INSTANT DECLARATORY JUDGMENT ACTION (WITHOUT HEARING AND DETERMINING THE MATERIAL ISSUES UNDERLYING THE ACTION UPON THEIR MERITS), BECAUSE THE SETTLEMENT *Page 10 
AGREEMENT/CONSENT JUDGMENT IN QUESTION IS CLEARLY ULTRA VIRES AND BEYOND THE SUBJECT MATTER JURISDICTION OF THE TRIAL COURT.
 {¶ 27} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ENTERING JUDGMENT APPROVING AND ADOPTING THE STIPULATED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT JOINTLY SUBMITTED BY REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES, WITHOUT EVER CONSIDERING, HEARING AND DETERMINING THE MATERIAL MERITS ISSUES UNDERLYING THE ACTION; AND IN ALLOWING JUST TWO (2) PARTIES TO THE SUBJECT LITIGATION TO SUBMIT AND OBTAIN APPROVAL OF SAID SETTLEMENT AGREEMENT/CONSENT JUDGMENT WHICH IN CONTENT AND EFFECT PURPORTS TO RESOLVE THE PRINCIPAL MERITS ISSUES IN THE ACTION AND TO GRANT THE PLAINTIFF ALL OF THE RELIEF REQUESTED AND DESIRED IN ITS COMPLAINT (AND ACQUIESCED IN AND/OR JOINED BY THE TRUSTEES) IN COMPLETE DISREGARD OF THE EXISTENCE AND OPPOSITION OF THE INTERVENING DEFENDANT/ APPELLANT — FRED CHARTON WHO BY HIS PLEADINGS AND ARGUMENTS HAD PLACED ALL OF THE MERITS ISSUES IN BONA FIDE DISPUTE AND WHO HAD A RIGHT TO TRIAL AND DETERMINATION OF SUCH ISSUES UPON THE MERITS.
 {¶ 28} "VI. THE TRIAL COURT ERRED IN FINDING THAT § 505.07 OHIO REVISED CODE WAS APPLICABLE TO THE DISPOSITION OF THE SUBJECT DECLARATORY JUDGMENT ACTION AND IN APPLYING SAID § 505.07 O.R.C. AS AN AUTHORIZATION FOR THE SETTLEMENT AGREEMENT/SETTLEMENT *Page 11 
AGREEMENT/CONSENT JUDGMENT IN QUESTION, BECAUSE SAID STATUTE IS UPON ITS FACE INAPPLICABLE DUE TO BEING UNCONSTITUTIONAL ON MULTIPLE GROUNDS AND FURTHER DUE TO SUCH STATUTE NOT BEING ABLE TO BE RETROACTIVELY APPLIED TO THIS CASE SINCE ITS EFFECTIVE DATE OF DECEMBER 20, 2005 WAS LONG AFTER COMMENCEMENT OF THE INSTANT LITIGATION.
 {¶ 29} "VII. THE TRIAL COURT FINDING AND DETERMINATION THAT THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT IN QUESTION ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES WAS "FAIR AND REASONABLE" WAS ERRONEOUS BY VIRTUE OF BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND RECORD IN THE INSTANT CASE AND ALSO BECAUSE THERE WERE CIRCUMSTANCES UNDER WHICH THE TRUSTEES WERE OR SHOULD HAVE BEEN DISQUALIFIED FROM ACTING UPON THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT AND BECAUSE THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT WAS OTHERWISE CONTRARY TO LAW.
 {¶ 30} "VIII. THE TRIAL COURT'S DETERMINATIONS AND ACTIONS IN APPROVING AND ENTERING THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT IN QUESTION ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES WAS ERRONEOUS AND CONTRARY TO LAW BECAUSE THE SETTLEMENT AGREEMENT/ SETTLEMENT AGREEMENT/CONSENT JUDGMENT IN QUESTION *Page 12 
IN BOTH ITS LANGUAGE AND EFFECT IS INVALID, VOID AND A NULLITY DUE TO THE SAME BEING CONTRARY TO FUNDAMENTAL PUBLIC POLICIES RENDERING AGREEMENTS TO CIRCUMVENT AND NOT ENFORCE LAWFULLY ADOPTED STATUTES AND REGULATIONS VOID AND OF NO EFFECT.
 {¶ 31} "IX. THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT BETWEEN REPUBLIC SERVICES OF OHIO H, LLC AND PIKE TOWNSHIP TRUSTEES BECAUSE SAID SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT IS CONTRARY TO ESTABLISHED OHIO CASE LAW AND PRINCIPLES PROHIBITING TOWNSHIP TRUSTEES FROM TAKING OR PARTICIPATING IN ANY ACTION OR LITIGATION DESIGNED TO OVERTURN OR NULLIFY QUASI-JUDICIAL ZONING DECISIONS MADE BY A TOWNSHIP BOARD OF ZONING APPEALS APPOINTED BY SAID TRUSTEES TO INDEPENDENTLY AND OBJECTIVELY DETERMINE ZONING ISSUES PROPERLY BEFORE SAID BOARD OF ZONING APPEALS.
 {¶ 32} "X. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN APPROVING AND ENTERING THE SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT IN QUESTION BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND THE PIKE TOWNSHIP TRUSTEES, BECAUSE SAID SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT WAS A RE-ADOPTION OR RE-AFFIRMATION OF A PREVIOUS SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT WHICH WAS INITIALLY ENTERED INTO BETWEEN REPUBLIC SERVICES OF OHIO *Page 13 
II, LLC AND PIKE TOWNSHIP TRUSTEES IN VIOLATION OF THE OHIO OPEN MEETING LAWS AND ALSO UNDER CIRCUMSTANCES DISQUALIFYING THE TOWNSHIP TRUSTEES FROM ACTING UPON SUCH SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT, WHICH CIRCUMSTANCES RENDERED BOTH THE INITIAL SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT AND ALSO THE REAFFIRMED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT NOW ON APPEAL FATALLY TAINTED AND NOT REDEEMED OR CURED BY THE RE-PROCESSING AND RE-ADOPTION OF SAID SETTLEMENT AGREEMENT/ SETTLEMENT AGREEMENT/CONSENT JUDGMENT.
 {¶ 33} "XI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ITS ACTION IN BIFURCATING AND SEPARATING THE DETERMINATION OF WHETHER THE PROPOSED SETTLEMENT AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND THE PIKE TOWNSHIP TRUSTEES WAS A FAIR AND REASONABLE SETTLEMENT AGREEMENT AND IN MAKING SUCH DETERMINATION INDEPENDENTLY AND SEPARATE FROM CONSIDERATION AND DETERMINATION OF THE UNDERLYING MERITS OF THE INSTANT DECLARATORY JUDGMENT ACTION REGARDING THE ISSUES OF WHETHER THE CONDITIONAL USE PERMIT REQUIREMENTS OF PIKE TOWNSHIP ZONING CODE ARE LAWFUL, CONSTITUTIONAL AND ENFORCEABLE.
 {¶ 34} "XII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING AND DETERMINING THAT THE PROPOSED SETTLEMENT *Page 14 
AGREEMENT/SETTLEMENT AGREEMENT/CONSENT JUDGMENT BETWEEN REPUBLIC SERVICES OF OHIO II, LLC AND PIKE TOWNSHIP TRUSTEES WAS FAIR AND REASONABLE AND IN APPROVING AND ADOPTING THE SAME WHEN THE PIKE TOWNSHIP BOARD OF ZONING APPEALS (WHICH IS THE BODY DULY DESIGNATED TO DETERMINE THE APPROPRIATENESS OF ALLOWING A CONDITIONAL USE PERMIT FOR EXPANSION OF COUNTYWIDE LANDFILL) HAD ALREADY AFTER TWO (2) FULL EVENINGS OF EVIDENTIARY HEARINGS MADE DETERMINATION THAT EXPANSION OF THE LANDFILL WOULD ADVERSELY EFFECT THE SURROUNDING PROPERTIES AND ENVIRONMENT TO A DEGREE REQUIRING DENIAL OF A CONDITIONAL USE PERMIT FOR EXPANSION OF THE LANDFILL, WHICH PRIOR DETERMINATION IS ENTITLED TO RES JUDICATA AND/OR COLLATERAL ESTOPPEL EFFECT IN THE INSTANT PROCEEDINGS.
 {¶ 35} "XIII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN MAKING RULINGS DENYING THE ADMISSION INTO EVIDENCE AND EXCLUDING FROM CONSIDERATION A NUMBER OF OPINIONS OF THE PLAINTIFF — FRED CHARTON'S EXPERT WITNESS RETAINED IN THIS CASE, WHICH OPINIONS WERE BASED UPON APPROPRIATE AND ADEQUATE FOUNDATION AND WERE MATERIAL AND RELEVANT TO THE ISSUES IN THIS ACTION."
 I, II, III, IV {¶ 36} In his first, second, third and fourth Assignments of Error, Appellant argues that the trial court lacked jurisdiction to consider the stipulated settlement agreement/Settlement Agreement/Consent Judgment in this case. We disagree. *Page 15 
 {¶ 37} Appellant argues that no actual controversy existed between Republic and Pike Township.
 {¶ 38} A declaratory judgment action challenges the existing zoning ordinance's overall constitutionality as applied to a particular parcel of land. Karches v. City of Cincinnati (1988), 38 Ohio St.3d 12, 16,526 N.E.2d 1350. Pursuant to R.C. Chapter 2721, the constitutionality of a zoning ordinance may be attacked by seeking a declaratory judgment action where an actual controversy exists between the parties. Id. "An actual controversy exists when persons aver that their rights, status or other legal relations have been affected by an allegedly invalid ordinance." Id. "A prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of the zoning regulation to the specific property in question." Id. at 16, 526 N.E.2d 1350.
 {¶ 39} The Amended Complaint filed by Republic alleged that (1) the Township's zoning regulations were invalid and unconstitutional as applied to the subject property, (2) that Countywide is a public utility exempt from zoning regulations, and (3) that state law preempts the Township's attempt to eliminate any additional or new sanitary landfills. Additionally, Republic also sought compensation in excess of $50 million dollar for a regulatory taking.
 {¶ 40} Accordingly, appellants sufficiently pled an actual controversy between the parties, and thus, they have stated a claim for declaratory judgment. Furthermore, we find that an actual controversy came into existence in the instant case when the Pike BZA denied Republic's application for a conditional use permit. *Page 16 
 {¶ 41} Appellant Charton further argues that the trial court was divested of jurisdiction in the instant case based on the rule of primary jurisdiction due to the fact that Republic filed a R.C. 2506 administrative appeal from the BZA's denial of its application prior to commencing the instant action.
 {¶ 42} Upon review of this argument, we find said argument to be unpersuasive.
 {¶ 43} The jurisdictional priority rule provides that, "`[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" State ex rel.Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549, quoting State ex rel. Racing Guild of Ohio v. Morgan (1985),17 Ohio St.3d 54, 56, 476 N.E.2d 1060; Lagoons Point Land Co. v. Grendell, Lake App. No. 2001-L-043, 2002-Ohio-3372, at ¶ 24. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." John Weenink Sons Co. v. Court ofCommon Pleas of Cuyahoga Cty. (1948), 150 Ohio St. 349, 82 N.E.2d 730, paragraph three of the syllabus; see, also, B-Dry System, Inc. v.Kronenthal (June 30, 1999), Montgomery App. No. 17130. This rule ultimately operates to divest one court of jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties.Id., citing Miller v. Court of Common Pleas (1944), 143 Ohio St. 68, 70,54 N.E.2d 130.
 {¶ 44} The jurisdictional priority rule applies if the claims in both cases are sufficiently similar, in that each of the actions "`comprises part of the "whole issue" that *Page 17 
is within the exclusive jurisdiction of the court whose power is legally first invoked.'" Lagoons Point, supra, at ¶ 26, citing State ex rel.Racing Guild, supra, at 56, 476 N.E.2d 1060. In determining whether the two cases involve the same "whole issue," the court must follow a two-part analysis. First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction must affect or interfere with the resolution of the issues before the court where the suit was originally commenced. Id.; InstantWin, Ltd. v. Summit Cty. Sheriff, Summit App. No. 20762, 2002-Ohio-1633.
 {¶ 45} Appellant's reliance on the jurisdictional priority rule in this case is misplaced. Here, Appellee filed two distinct cases in the same court seeking different relief. In the first case, appellee was appealing the decision of the Pike Township BZA denying its application for a conditional use permit. In this case the trial court was limited to a determination of whether the decision of the BZA prohibiting such use of the subject property "had a reasonable relationship to the legitimate exercise of the police power of the township."Karches, supra.
 {¶ 46} In the case sub judice, which was a declaratory judgment action, Appellee challenged the constitutionality of the zoning resolution as applied to the subject property.
 {¶ 47} "Moreover, the jurisdictional priority rule contemplates cases pending in two different courts of concurrent jurisdiction-not two cases filed in the same court. See B-Dry System, supra (cases filed in Greene and Montgomery County Common Pleas Courts); Lagoons Point, supra (cases filed in Cuyahoga and Lake County Common Pleas Courts)". Fenner v.Kinney, Franklin County App 02AP-749, 2003-Ohio-989. *Page 18 
 {¶ 48} Here the Stark County Common Pleas Court clearly had subject matter jurisdiction to resolve the declaratory judgment issues raised in the complaint, although consolidation of this case with the earlier filed, but still pending R.C. 2506 Administrative Appeal action, may have been justified based upon principles of judicial economy. Nevertheless, the jurisdictional priority rule does not apply under the circumstances presented.
 {¶ 49} Appellant next argues that the trial court did not have jurisdiction because Appellee had failed to exhaust all administrative remedies.
 {¶ 50} A declaratory judgment action challenges the existing zoning ordinance's overall constitutionality. Karches v. City ofCincinnati (1988), 38 Ohio St.3d 12, 16, 526 N.E.2d 1350 (emphasis added); Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals, 66 Ohio St.3d 452, 453, 613 N.E.2d 580, 1993-Ohio-115. A declaratory judgment action is independent of the administrative proceedings and is not a review of the final administrative order.Concerned Citizens, 66 Ohio St.3d at 453, 613 N.E.2d 580.
 {¶ 51} "The constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued." Karches v. City of Cincinnati (1988), 38 Ohio St.3d 12,526 N.E.2d 1350, paragraph one of the syllabus.
 {¶ 52} We therefore find appellant's argument as to failure to exhaust administrative remedies not well-taken. *Page 19 
 {¶ 53} Lastly, in support of his contention that the trial court did not have jurisdiction in this matter, Appellant argues that the Settlement Agreement/Consent Judgment was ultra vires.
 {¶ 54} More specifically, Appellant argues that the action taken by the trial court was "essentially legislative and not judicial in nature." (Appellant's brief at 25).
 {¶ 55} Upon review, we find R.C. 505.07 authorizes such Settlement Agreement/Consent Judgments:
 {¶ 56} R.C. § 505.07 Court action may be settled by consent decree orsettlement agreement; notice
 {¶ 57} Notwithstanding any contrary provision in another section of the Revised Code, section 519.12 of the Revised Code, or any vote of the electors on a petition for zoning referendum, a township may settle any court action by a consent decree or court-approved settlement agreement which may include an agreement to rezone any property involved in the action as provided in the decree or court-approved settlement agreement without following the procedures in section 519.12 of the Revised Code and also may include township approval of a development plan for any property involved in the action as provided in the decree or court-approved settlement agreement, provided that the court makes specific findings of fact that notice has been properly made pursuant to this section and the consent decree or court-approved settlement agreement is fair and reasonable. * * *"
 {¶ 58} We therefore find that the trial court had authority pursuant to R.C. 505.07 to consider and approve the consent agreement in the instant case. *Page 20 
 {¶ 59} Based on the foregoing, we find that the trial court was not divested of jurisdiction to consider and approve the Consent Agreement in this matter.
 {¶ 60} Appellant's first, second, third and fourth Assignments of Error are overruled.
 V, VII, X {¶ 61} In his fifth, seventh and tenth Assignments of Error Appellant argues that the trial court erred in approving and adopting the stipulated Settlement Agreement/Consent Judgment. We disagree.
 {¶ 62} Specifically, Appellant argues that it was error for the trial court to approve the Settlement Agreement/Consent Judgment over his objections and without determining the case on the merits and further argues that the approval of such Settlement Agreement/Consent Judgment is unsupported by the record and contrary to law because such is not fair and reasonable.
 {¶ 63} Initially, we find that R.C. § 505.07 does not require the trial court to try and/or determine the merits of a case prior to determining if a Settlement Agreement/Consent Judgment is fair and reasonable.
 {¶ 64} Furthermore, we find that the Settlement Agreement/Consent Judgment addressed and settled only those matters between Republic and Pike Township and while Appellant Charton was permitted to intervene in this matter, he does not have the power to prevent to Settlement Agreement/Consent Judgment.
 {¶ 65} "While intervenor is entitled to present evidence and have its objections heard at hearing on whether to approve consent decree, it does not have power to block *Page 21 
decree merely by withholding its consent." Local No. 93, Intern. Assn ofFirefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 106 S.Ct. 3063.
 {¶ 66} We further find that the Settlement Agreement/Consent Judgment did not dispose of Appellant Charton's independent counterclaims of nuisance (against Republic) or Sunshine Law violation (against Pike Township), which remain pending. Neither did the Settlement Agreement/Consent Judgment impose any duties or obligations on Appellant Charton.
 {¶ 67} Appellant Charton raises issues of objectivity and bias on the part of the trustees based on instances where Countywide Landfill paid for tickets to a Cleveland Indians baseball game and a golf outing one or two years prior to filing the application for expansion.
 {¶ 68} The approval of a settlement agreement rests in the sound discretion of the trial court. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 69} In addition to conducting a full evidentiary hearing in this matter, during which Appellant Charton cross-examined each of the three trustees with regard to the instant issues, the trial court reviewed copies of all depositions, the transcript from the public hearing and all relevant documentation prior to approving the Settlement Agreement/Consent Judgment.
 {¶ 70} Additionally, the trial court made it clear the Settlement Agreement/Consent Judgment it was approving was not the same as the 2004 Consent Decree which it had previously vacated. *Page 22 
 {¶ 71} Based on the foregoing, we do not find that the trial court abused its discretion approving the Settlement Agreement/Consent Judgment.
 {¶ 72} Appellant's fifth, seventh and tenth assignments of error are overruled.
 VI {¶ 73} In Appellant's sixth Assignment of Error he argues that R.C. § 505.07 was inapplicable to the case sub judice because such statute is unconstitutional. We disagree.
 {¶ 74} As the Ohio Supreme Court has explained, the legislature enacted R.C. § 2712.21 to ensure the Attorney General is informed of attacks on the constitutionality of the laws of this state. Ohioans forFair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180, 184,616 N.E.2d 905; Cicco v. Stockmaster (2000), 89 Ohio St.3d 95,728 N.E.2d 1066. Every time a party challenges the constitutionality of a statute, the Attorney General is an interested party. Id. The fundamental purpose behind R.C. § 2721.12(A) is to provide the Attorney General with a reasonable amount of time to assess the issues and decide whether to participate in the case. Id. For these reasons, if the provisions of R.C. § 2721.12(A) are not met, a court lacks subject matter jurisdiction to determine the constitutionality of that particular statute.Cicco at 100, 728 N.E.2d 1066; George Shima Buick, Inc. v. Ferencak
(2001), 91 Ohio St.3d 1211, 1212, 741 N.E.2d 138; In re Adoption ofCoppersmith (2001), 145 Ohio App.3d 141, 147, 761 N.E.2d 1163.
 {¶ 75} In this case, Appellant never notified the Attorney General of his constitutional challenge in accordance with R.C. § 2721.12(A). The Attorney General was therefore never given the opportunity to decide whether or not to defend the *Page 23 
constitutionality of R.C. § 505.07 in this case. Thus, neither the trial court nor this Court has subject matter jurisdiction to determine Appellant Charton's challenge to that statute's constitutionality.
 {¶ 76} Appellant's sixth assignment of error is overruled.
 VIII {¶ 77} In Appellant's eighth Assignment of Error, he argues that the trial court erred in approving the Settlement Agreement/Consent Judgment in this case because same was erroneous and contrary to law. We disagree.
 {¶ 78} Appellant argues that the Settlement Agreement/Consent Judgment in this case amounted to "contract zoning", was an abdication of the Township's zoning authority and was against public policy.
 {¶ 79} Upon review, we find that in the case sub judice, the Township entered into an agreement to settle a zoning dispute pursuant to the authority granted to it by R.C. § 505.07 as set forth above. As such, the Township's actions were legislatively authorized and cannot be said to have been an abdication of its authority.
 {¶ 80} Appellant's eighth assignment of error is overruled.
 IX {¶ 81} In his ninth assignment of error, Appellant argues that the adoption of the Settlement Agreement/Consent Judgment by the Township Trustees was prohibited as such was a means to overturn or nullify the decision made by the Pike Township BZA. We disagree. *Page 24 
 {¶ 82} For the same reasons as set forth in Assignment of Error XIII, we find that the Pike Township Board of Trustees had the authority pursuant to R.C. § 505.07 to enter in the Settlement Agreement/Consent Judgment.
 {¶ 83} Appellant's ninth assignment of error is overruled.
 XI {¶ 84} In Appellant's eleventh Assignment of Error he argues that the trial court erred in bifurcating the consideration of the Settlement Agreement/Consent Judgment from the consideration of the merits of the case. We disagree.
 {¶ 85} The trial court is free to order separate trials of separate issues whenever it will further convenience, avoid prejudice, or be conducive to expedition and economy. A trial court is in the best position to ascertain whether a bifurcation of the issues is necessary and that court, therefore, has broad discretion in doing so.Fairfield Commons Condominium Assoc. v. Stasa (1985), 30 Ohio App.3d 11,506 N.E.2d 237, Grand Trunk Western R.R. v. Cothem (Mar. 17, 1995), 6th Dist. No. L-93-112, 1995 Ohio App. LEXIS 926, 11.
 {¶ 86} The decision of whether or not to bifurcate the proceedings * * * is a matter within the sound discretion of the trial court. Sheets v.Norfolk S. Corp. (1996), 109 Ohio App.3d 278, 288, 671 N.E.2d 1364, citing Heidbreder v. Trustees (1979), 64 Ohio App.2d 95, 100,411 N.E.2d 825. We will not disturb the trial court's decision to bifurcate the trial absent an abuse of discretion. Clark v. Univ. Hosps. ofCleveland (1997), Cuyahoga App. No. 78854. *Page 25 
 {¶ 87} As stated above, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or capricious. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 88} Appellant's arguments fail to show an abuse of discretion.
 {¶ 89} Appellant's eleventh assignment of error is overruled.
 XII {¶ 90} In Appellant's twelfth Assignment of Error he argues that the trial court was barred from approving the Settlement Agreement/Consent Judgment by the denial of Republic's request for a conditional use permit by the Pike Township BZA. We disagree.
 {¶ 91} Appellant argues that the issues in the instant case were barred by the doctrine of res judicata based on the previous decisions of the Pike Township BZA, which he argues were binding.
 {¶ 92} Upon review, we find that the decision referred to by Appellant made by the BZA in the instant case occurred prior to the enactment of R.C. § 505.07 and prior to the filing of the Amended Complaint in this matter. The Settlement Agreement/Consent Judgment was a settlement of the issues raised in a declaratory judgment action filed after the initial denial of the application for a conditional use permit and involved issues outside the scope of the authority of the BZA, including but not limited to the constitutionality of the zoning resolution.
 {¶ 93} Additionally, we find that the administrative appeal of the decision of the BZA is still pending and therefore is not res judicata.
 {¶ 94} Appellant's twelfth assignment of error is overruled. *Page 26 
 XIII {¶ 95} In Appellant's thirteenth and final Assignment of Error he argues that the trial court erred in excluding some of the opinions of his expert witness at the March 31, 2006, hearing. We disagree.
 {¶ 96} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402. Therefore, our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v.Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. We will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 97} At the hearing in this matter, the trial court sustained the objections of Appellee Republic and either did not allow Professor Weinstein to answer certain questions or limited his ability to respond and explain the reasons for his opinions.
 {¶ 98} Upon review of the record, we find that Professor Weinstein, upon inquiry, conceded that he was not admitted to practice law in Ohio and that he was testifying as a "planner." (3/31/06 T. at 192, 120). He further conceded that while he had visited Countywide and reviewed various applications for zoning permits and zoning changes, the Township's Zoning Map, and the 2000 Zoning Resolution, he had not viewed the *Page 27 
entire Township or examined its Zoning Map in detail and that it was conceivable that there were germane documents that he had not seen. (Id., at 93-98, 142). Weinstein also acknowledged that he had been retained just ten days before the hearing and that he had not seen the zoning resolution that was in effect when the conditional zoning certificate for Countywide was first approved or the Settlement Agreement/Consent Judgment itself until they were handed to him by Republic's counsel during his deposition just two days before the hearing. (Id. at 142). He further acknowledged that although he was opining as to the validity of the BZA's decision, he had not actually read the transcript of the BZA's hearing transcript. (Id., at 120-121). Additionally, he acknowledged that although he was opining as to the detrimental effects of Countywide based on such things as water runoff, he did not know whether water runoff was an issue at Countywide. (Id., at 124-125). At this point, Weinstein admitted that "I can not have an opinion about a fact which I do not know. . . ." (Id.). Finally, Weinstein acknowledged that during his deposition he had testified that he was unable to give an opinion as to whether the Settlement Agreement/Consent Judgment was "fair and reasonable" because it was not a standard with which he had experience as a planner. (Id. at 134). Weinstein then testified, however, that he had changed his mind and that he did have an opinion. (Id.).
 {¶ 99} The Trial Court properly excluded Weinstein's opinions as irrelevant, beyond the scope of his expertise, as calling for legal conclusions, or based on improper questions.
 {¶ 100} The Trial Court also properly excluded Weinstein's testimony concerning whether there had been a regulatory taking, whether the Township's counsel's advice *Page 28 
was legally sound, whether Countywide was a public utility, and whether state law preempted the Township's zoning regulations because, in addition to Weinstein lacking sufficient information to render an opinion, these matters called for a legal opinion for which Weinstein lacked the requisite expertise. (Id., at 106, 110-111 114-115).
 {¶ 101} The Trial Court further properly excluded Weinstein's opinion on whether a regulatory taking had occurred because the form of the question was improper.
 {¶ 102} Upon review, based on the foregoing, we find the trial court did not abuse its discretion by not admitting portions of Professor Allen Weinstein's testimony into evidence.
 {¶ 103} Appellant's thirteenth assignment of error is overruled.
 {¶ 104} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Wise, P. J. Edwards, J., and Boggins, J., concur. *Page 29 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1